BAN v. COLUMBIA SOUTHERN RY. CO. et aL

(Circuit Court, D. Oregon. June 4, 1901.)

No. 2,654.

1. **RAILROADS—LIENS IN FAVOR OF SUBCONTRACTORS—OREGON STATUTES.**

Act Feb. 25, 1889 (Laws Or. 1889, p. 75), giving railroad subcontractors, material men, and laborers a lien, supersedes, and by implication repeals, the prior mechanic's lien law, as applied to railroads, and, under the express terms of the later statute, the amount of liens enforceable thereunder cannot exceed the amount then actually due from the railroad company to the original contractor, nor can such liens be given priority over existing liens.

2. **JURISDICTION OF FEDERAL COURTS—DIVERSITY OF CITIZENSHIP—SUIT BY ASSIGNEE.**

A federal court is without jurisdiction of a suit to enforce a lien against a railroad in favor of a partnership, brought by plaintiff as one of the partners, and as assignee of his co-partner, unless it is shown by the bill that the citizenship of the assignor is such that the suit could have been maintained in that court by the firm.

In Equity. On demurrer to bill.

A. C. Emmons, for plaintiff.

Snow & McCamant, for defendants.

BELLINGER, District Judge. Plaintiff alleges that he is a citizen of the empire of Japan, and a subject of the emperor of said empire. The defendants the railway company, Hammond, and Mason are all citizens of the state of Oregon, and the Security & Trust Company is a citizen of the state of New York. In 1899 the railway company entered into a contract with the defendant Hammond for the construction of an extension of its railway from the town of Moro to the town of Shaniko, and thereafter, on the 11th day of October, 1899, Hammond entered into a contract with the defendant Mason for all the grading, bridging, culverts, ditches, track laying, surfacing, etc., on the line of Hammond's contract. On the 30th day of October, the defendant Mason sublet to the plaintiff and one N. G. Seaman the track laying and surfacing of said railway. Plaintiff and Seaman fully complied with their contract, and the agreed and reasonable value of the work so done by them was $32,365.86, of which there has been paid the sum of $7,000, and no more, leaving a balance of $25,365 due them. The complaint alleges that, prior to entering into said contract for track laying and surfacing of said railway with said Mason, said plaintiff and said Seaman entered into an agreement by the terms of which, among other things, it was mutually agreed and understood that the said S. Ban should furnish all labor and advance all money required to perform the work provided for and contracted to be done under said contract, and in consideration thereof should receive and disburse all money belonging to said partnership, and, when said work should be finally completed and settled for, should render to said Seaman a statement of all money received and disbursed, and pay over to him one-half of the net profits of said work. Prior to the commencement of the suit, Seaman, for value, assigned to the plaintiff all his right, title, and

interest in and to the claim and demand against Mason on account of the work and labor performed under said contract. Plaintiff seeks to enforce a lien under the mechanic's lien law of the state of Oregon against that portion of the road constructed under the subcontract referred to.

The Columbia Southern Railway Company demurs to the complaint upon two principal grounds: First, that the mechanic's lien law in this state does not confer the right upon contractors or laborers or material men to take liens upon a railroad constructed and operated by a common carrier; second, that the bill of complaint does not state facts which give the court jurisdiction, inasmuch as Ban brings this suit as the assignee of Seaman's interest in the subcontract in question, and the necessary diverse citizenship as to Seaman does not appear.

It has been heretofore held in this court that, under the mechanic's lien law of this state, a lien would lie for work and labor done upon a railroad. Giant-Powder Co. v. Oregon Pac. R. Co. (C. C.) 42 Fed. 470, 8 L. R. A. 700. Since this case was decided, the legislature of Oregon, by an act approved February 25, 1889, has provided as follows:

"Section 1. That any and all person or persons who shall hereafter as subcontractor, material-man or laborer, furnish to any contractor to any railroad corporation any fuel, ties, materials, supplies or other article or thing, or who shall do or perform any work or labor for such contractor in conformity with any terms of any contract, express or implied, which such contractor may have made with any such railroad corporation, shall have a lien upon all property, real, personal and mixed, of said railroad corporation: provided, such sub-contractor, material-man or laborer shall have complied with the provisions of this act, but the aggregate of all liens hereby authorized shall not in any case exceed the price agreed upon in the original contract to be paid by such corporation to the original contractor. Nor shall such corporation be liable for any greater sum than the amount then actually due by such corporation to said original contractor: and provided, further, that no such lien shall take priority over existing lien." Laws 1889, p. 75.

This act is inconsistent with the claim of lien made under the general law. It is true that repeals by implication are not favored, but it is equally true that where there is a contradiction, impossible to reconcile, between two acts passed at different times, the subsequent act must prevail, and operates to repeal by implication the earlier one. The act of 1889, for instance, provides that the lien of a subcontractor shall not in any case exceed the price agreed upon in the original contract to be paid by the corporation to the original contractor; and it provides, further, that no corporation shall be liable for any greater sum than the amount then actually due by such corporation to said original contractor; and, further, that no such lien shall take priority over existing liens. It does not appear in this case that there is anything due the original contractor from the company, and it affirmatively appears that the complainant's lien is subsequent in time to that of the defendant the New York Security & Trust Company, and it is sought to have the lien of the claim sued on decreed to be prior to the subsisting lien of that company, in the face of the prohibition of the act of 1889 to the contrary. In the nature of things, it is impossible for the provision with reference to

liens upon railways imputed to the mechanic's lien law and the provisions of the act of 1889 to stand together. It is useless to argue that the later act does not repeal the earlier one. The subsequent act does not permit a lien upon the case made in the bill of complaint, and in effect, if not in terms, it forbids it.

As to the second point, it is equally clear that, unless Seaman's citizenship was such as to have entitled him to bring this suit, Ban, as his assignee, cannot maintain it. If, without the assignment, in an action brought by Seaman and Ban, the court would have been without jurisdiction, it is equally without it when the action is brought by Ban in his own right under the contract, and as the assignee of Seaman. The allegation in the complaint that it was mutually agreed between Ban and Seaman that the latter should furnish all labor and advance all money, and that Seaman should be entitled only to one-half of the net profits of the work, does not affect the question of jurisdiction. That question is in no way involved in the agreement between the two partners as to the division between them of the amount to be received by them under their contract with Mason. So far as Mason was concerned, the rights of Seaman were not different from those of Ban. They were equally interested in the contract, and equally responsible under it. The demurrer to the bill of complaint is sustained.